UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSHUWA M. MOSS,

    Plaintiff,

v.                                                          3:11-cv-425

RODNEY MINOR, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Union County Jail. The defendants are Union County Sheriff Earl Loy, Jr., Jail Administrator Rodney Minor, and numerous correctional officers. The primary basis for plaintiff's complaint is an alleged denial of medical treatment.

Plaintiff alleges that after first complaining about his stomach hurting, it was a week before he was taken to the hospital where it was determined he had a gall bladder infection and his gall bladder was removed. Plaintiff also alleges that, upon his release from the hospital, defendant Correctional Officer Mike Hale told the doctor that plaintiff could not have a pain pill. Plaintiff further alleges that defendant Correctional Officer Jermey Meltabarger did not take him back to the doctor to get his staples out on the day of his appointment and he waited a month before the staples were removed. As his claim for relief, plaintiff states that he wants to sue the Union County Jail for medical malpractice.

Plaintiff makes no specific allegations against defendants Loy and Minor, and apparently seeks to hold them liable based upon their supervisory positions. In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

With respect to plaintiff's claims against defendants Hale and Meltabarger, in order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The test for whether a jail official has demonstrated

"deliberate indifference" to medical needs is a subjective inquiry into the official's state of mind rather than an objective test. Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Under the circumstances, the court finds that plaintiff's allegations against defendants Hale and Meltabarger fail to satisfy the *Estelle* standard.

Plaintiff has also named as defendants numerous additional correctional officers at the Union County Jail, and makes the conclusory allegation that the jail's correctional officers do not do their job correctly. Plaintiff does not, however, make specific allegations against any particular officer. Conclusory allegations, without more, fail to state a claim for which

relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

Finally, the court notes that plaintiff did not state in his complaint whether the defendants are sued in their official capacity or individual capacity. Accordingly, the court must presume that the defendants have been sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because the defendants have been sued only in their official capacity as officers of Union County, Tennessee, the court must proceed as if plaintiff has in fact sued Union County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Union County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Plaintiff did not claim, nor does the record suggest, that the alleged violation of his rights was the result of any policy or custom on the part of the county. The complaint therefore fails to state a claim upon which relief may be granted in that regard.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to

relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Union County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Union County, Tennessee, and the county attorney for Union County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

        s/ Thomas W. Phillips
        United States District Judge